IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANCHORAGE, a Municipal Corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>INTEGRATED CONCEPTS AND RESEARCH CORPORATION; PND ENGINEERS, INC.; CH2M HILL ALASKA, INC.; GEOENGINEERS, INC.,<br><br>　　　　Defendants,<br><br>　　vs.<br><br>CH2M HILL ALASKA, INC.,<br><br>　　　　Third-Party Plaintiff,<br><br>　　vs.<br><br>TERRACON CONSULTING, INC.<br><br>　　　　Third-Party Defendant. | Case No. 3:13-cv-00063-SLG |

## **ORDER RE FAULT ALLOCATION MOTIONS**

The following three motions are currently pending before the Court: (1) PND Engineers, Inc.'s Motion for Rule of Law on Allocation of Fault at Docket 93; (2) CH2M Hill Alaska, Inc.'s Motion for Order Regarding AS 09.17.080 Fault Allocation to Maritime Administration and Construction Contractors or, Alternatively, For Leave to Amend to Add Third-Party Defendants at Docket 97; and (3) Integrated Concepts and Research Corporation's (ICRC) Motion for Rule of Law Regarding Allocation of Fault to the United

States Under Alaska Statute 09.17.080 at Docket 101, which PND joined at Docket 106. The motions have been fully briefed and oral argument was held on October 28, 2014.

## FACTUAL AND PROCEDURAL BACKGROUND

This litigation relates to the design and construction of the Port of Anchorage Intermodal Expansion Project. The relevant factual background and the initial procedural history of this case are set forth in this Court's Order Re Motion to Remand and Related Motions and Order Denying Motion to Dismiss and are not repeated here.[1] The Municipality of Anchorage (MOA) is also currently pursuing related claims in the Court of Federal Claims against the United States, through its Department of Transportation, Maritime Administration (MarAd).[2]

On November 5, 2014, the Court granted MOA's Motion for Leave to Amend Complaint and Add Party Defendant GeoEngineers, Inc.[3] On March 4, 2015, the Court issued an Order addressing PND's and CH2M Hill's motions for summary judgment related to the economic loss doctrine. The Court held, *inter alia*, that "the economic loss doctrine applies to parties who are not in privity so as to generally preclude a negligence claim seeking recovery of only economic loss" but denied the summary judgment motions without prejudice to renew based on the limited factual record then before the Court.[4]

---

[1] Docket 67 (Order) at 2-6 and Docket 76 (Order) at 2-5.

[2] *See Anchorage v. United States*, No. 14-cv-00166 (Fed Cl. filed Feb. 28, 2014); Docket 98-1 at 2-31.

[3] Docket 144 (Order).

[4] Docket 188 (Order) at 14.

Each of the three motions addressed in this Order concerns Alaska's "apportionment of damages" statute, AS 09.17.080, which provides in relevant part:

> (a) In all actions involving fault of more than one person, including third-party defendants and persons who have settled or otherwise been released, the court . . . shall instruct the jury to answer special interrogatories . . . indicating
> (1) the amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
> (2) the percentage of the total fault that is allocated to each claimant, defendant, third-party-defendant, person who has been released from liability, or other person responsible for the damages unless the person was identified as a potentially responsible person, the person is not a person protected from a civil action under AS 09.10.055, and the parties had a sufficient opportunity to join that person in the action but chose not to; in this paragraph, "sufficient opportunity to join" means the person is
> (A)   within the jurisdiction of the court;
> (B)   not precluded from being joined by law or court rule; and
> (C)   reasonably locatable. . . .
> (c) . . . an assessment of a percentage of fault against a person who is not a party may only be used as a measure for accurately determining the percentages of fault of a named party. Assessment of a percentage of fault against a person who is not a party does not subject that person to civil liability in that action and may not be used as evidence of civil liability in another action.

A related statute that is of import to these motions is a definitional statute, AS 09.17.900, which provides:

> In this chapter, "fault" includes acts or omissions that are in any measure negligent, reckless, or intentional toward the person or property of the actor or others, or that subject a person to strict tort liability. The term also includes breach of warranty, unreasonable assumption of risk not constituting an enforceable express consent, misuse of a product for which the defendant otherwise would be liable, and unreasonable failure to avoid an injury or to mitigate damages. Legal requirements of causal relation apply both to fault as the basis for liability and to contributory fault.

**I.     PND's Motion**

PND seeks a rule of law holding that ICRC is contractually responsible for any fault that would otherwise be allocated to ICRC's subcontractors, Quality Asphalt Paving, Inc. (QAP)[5] and MKB Constructors, and that those subcontractors need not be joined in this action "because [MOA's] breach of contract claim against ICRC encompasses any work performed by ICRC's subcontractors."[6]  PND bases this motion in part on its motion for summary judgment in which it had argued that pursuant to Alaska's economic loss doctrine, a project owner cannot sue the prime contractor's subcontractors in tort for economic loss and can only recover such damages from the prime contractor.[7]  PND also argues that fault cannot be allocated to QAP and MKB pursuant to AS 09.17.080 because that statute "focuses on tort concepts" and "does not apply to contract claims."[8]  PND asserts that ICRC's subcontractors did not owe a duty to MOA and there is accordingly no tort liability that could be allocated to them.[9]

---

[5] CH2M Hill uses "Quality Asphalt Pavement" and "Colaska, Inc., doing business as QAP" in its proposed third-party complaint at Docket 97-1, ¶¶ 3, 7.  The Court assumes that the parties are referring to the same entity and in using "QAP" the Court intends to refer to that entity.

[6] Docket 93-1 (PND Proposed Order) at 1.  PND argues that "[s]uch an order respects the chain of contracts [MOA] and ICRC entered into, and does not expose PND to risk for (1) any fault of QAP or MKB in constructing the Project, or (2) Rule 82 attorney's fees for bringing fatally flawed equitable apportionment claims against QAP or MKB, given that [MOA] has no direct claims against those entities."  Docket 120 (PND Reply) at 7.

[7] *See* Docket 91 (PND Mot. for SJ).  PND's summary judgment motion was addressed in the Court's Order at Docket 188.

[8] Docket 93 (PND Mot.) at 4.

[9] *Id.*

In its Opposition, MOA notes that its initial complaint "included tort claims against PND and all of the other Defendants" as well as a contract claim against only ICRC.[10] MOA agrees with PND that AS 09.17.080 only applies to allocate fault as to its tort claims, and not to MOA's contract claim against ICRC.[11] However, MOA asserts that PND cannot seek to allocate fault to either QAP or MKB in connection with MOA's tort claims against PND unless PND brings QAP and MKB into this action.[12]

ICRC also opposes PND's motion. It first asserts that PND's motion for a rule of law should be evaluated as a motion for partial summary judgment "since it seeks a legal ruling holding ICRC accountable for all fault attributable to a wide array of potentially responsible parties."[13] ICRC also asserts that the economic loss doctrine is "not the broad shield from tort liability that PND makes it out to be."[14]

In its Reply, PND stresses that a plaintiff must have an actionable claim against a third party in order for AS 09.17.080 to apply. Referring again to the economic loss doctrine, PND maintains MOA has no actionable claims in tort against ICRC's

---

[10] Docket 102 (MOA Opp'n to PND Mot.) at 2. The Court granted MOA's motion for leave to amend its complaint. Docket 144 (Order). MOA's First Amended Complaint added a negligent misrepresentation claim against PND, and negligence and negligent misrepresentation claims against CH2M Hill. It also added defendant GeoEngineers, Inc. *See* Docket 145 (FAC).

[11] Docket 102 (MOA Opp'n to PND Mot.) at 2.

[12] *Id.* at 3-4.

[13] Docket 103 (ICRC Opp'n to PND Mot.) at 6.

[14] *Id.* at 7.

subcontractors. Rather, PND maintains that MOA must proceed solely in contract against ICRC, which may in turn seek contractual indemnity from its subcontractors.[15]

## II. CH2M Hill's Motion

CH2M Hill seeks an order finding that MarAd, QAP and MKB need not be joined as parties to have fault allocated to them pursuant to AS 09.17.080. Alternatively, CH2M Hill seeks leave to file a third-party complaint as to any of these three entities that may properly be joined.

CH2M Hill maintains that MarAd cannot be joined in this action because the Court of Federal Claims has exclusive jurisdiction over MOA's claim against MarAd.[16] But CH2M Hill asserts that the Court should hold "that fault may be allocated to MarAd notwithstanding the fact that MarAd is not a party" pursuant to AS 09.17.080. CH2M Hill also asserts that fault may be apportioned to QAP and MKB but they need not and should not be joined in the litigation because they have been released from liability to MOA pursuant to a 2012 settlement agreement between ICRC and MarAd.[17] Should the Court find otherwise, CH2M Hill requests leave to join MarAd, MKB, and QAP as third-party defendants and provides a proposed third-party complaint, which seeks to allocate damages to these third parties only on a tort theory of liability.[18]

---

[15] Docket 120 (PND Reply).

[16] Docket 97 (CH2M Hill Mot.) at 8-9 (citing *United States Marine v. United States*, 722 F.3d 1360, 1368 (Fed. Cir. 2013)).

[17] Docket 97 (CH2M Hill Mot.) at 6-7, 10 (citing Docket 98-2 (2012 Negotiated Contract Adjustment Agreement)).

[18] Docket 97-1 (Proposed Third-Party Complaint) at ¶ 15 ("To the extent the Court determines that MOA's alleged damages may be recovered from one or more defendants **based on a tort theory**, and to the extent one or more defendants, including CH2M HILL Alaska, Inc., are liable to MOA for some or all of those damages, the damages for which defendants are liable should be

In its Opposition, MOA agrees that joinder of MarAd is not feasible. But it maintains that because "MOA has no potential tort claim against MarAd," fault cannot be allocated to it under AS 09.17.080.[19] MOA further maintains that because it was not a party to the 2012 settlement agreement between ICRC and MarAd, it never released QAP or MKB from liability. Accordingly, MOA asserts that if CH2M Hill seeks to allocate fault to QAP and MKB, it must bring these entities into the case.[20]

In its Reply, CH2M Hill disputes MOA's argument that allocation under AS 09.17.080 is limited to persons potentially liable to the plaintiff in tort, arguing that the definition of fault found in AS 09.17.900 encompasses more than tort claims.[21] It maintains that "MOA has offered no good reason . . . as to why an attempt to equitably apportion fault must ignore a non-party who, by its act and omissions, allegedly caused the very same damages as other parties who are allegedly tortfeasors."[22] CH2M Hill also argues that MOA has not rebutted CH2M Hill's showing that the joinder of QAP and MKB is precluded based on the release between ICRC and MarAd.[23] CH2M Hill asserts that

---

apportioned pursuant to AS 9.17.080 according to their respective fault to all liable parties and responsible persons, including MOA, MarAd, MKB, QAP, GEI and Terracon." (emphasis added)).

[19] Docket 116 (MOA Opp'n to CH2M Hill Mot.) at 4.

[20] *Id.* at 5.

[21] Docket 125 (CH2M Hill Reply) at 3-4

[22] *Id.* at 2.

[23] *Id.* at 7-8.

MarAd's authority to settle on behalf of MOA is derived from a 2011 contract between MOA and MarAd.[24]

### III. ICRC's Motion

ICRC asserts that the United States is a "potentially responsible person" under AS 09.17.080, but it, too, agrees that the United States cannot be joined as a party in this action. ICRC seeks an order that the Court will instruct the jury to designate the United States as a non-party for third party fault allocation purposes.[25] ICRC asserts that the United States "played a potential causative role in the injuries for which [MOA] seeks to recover in tort"[26] that renders the United States a "potentially responsible party under Alaska apportionment law."[27]

In its Opposition, MOA maintains that the United States has only contractual liability, and not tort liability, to MOA.[28] MOA asserts that AS 09.17.080 only allows for the allocation of tort liability. MOA argues that it "has not, and cannot, assert a tort claim against MARAD."[29] Accordingly, MOA maintains that "ICRC is not allowed to allocate

---

[24] Docket 125 (CH2M Hill Reply) at 7 (citing Docket 21-6 (2011 MOA-MarAd Memorandum of Agreement) at 6 ¶ 7).

[25] Docket 101-3 (Proposed Order).

[26] Docket 101 (ICRC Mot.) at 2, 5.

[27] *Id.* at 5-7.

[28] Docket 115 (MOA Opp'n to ICRC Mot.) at 5-9.

[29] *Id.* at 4.

fault for tort claims to MARAD under AS 09.17.080 because MARAD is not a potentially responsible person under AS 09.17.080 and therefore owes no tort duty to MOA."[30]

In its Reply, ICRC first explains that it is not seeking to allocate fault solely to MarAd. Rather, it identified the United States as the potentially responsible non-party in its motion "because of the potentially negligent conduct of the United States Army Corps of Engineers and other federal entities."[31] ICRC further maintains that AS 09.17.080 does not require a defendant to show that a non-party has potential *liability* to the plaintiff, but only that a non-party has potential *fault*.[32] Thus, ICRC asserts that even if the United States cannot be held liable to MOA for potential negligence, that does not preclude the allocation of fault to the federal government in this action under Alaska's apportionment statute.

## DISCUSSION

The first issue raised by the motions is whether AS 09.17.080 applies only to the allocation of fault in tort or also to an allocation of contract damages. PND and MOA agree that the statute applies to allow the allocation of fault as to tort claims that MOA would have against a third party, but not to any contract claims. ICRC's position is less clear, but it also appears to agree that the statute is limited to tort claims. CH2M Hill maintains, however, that AS 09.17.900 encompasses the allocation of damages to any non-parties that may be responsible in either tort or contract.

---

[30] Docket 115 (MOA Opp'n to ICRC Mot.) at 10.

[31] Docket 129 (ICRC Reply) at 2-4.

[32] *Id.* at 5-8.

The Alaska Supreme Court has described AS 09.17.080 as intended to provide for the allocation of damages among potential tortfeasors, not the allocation of contract damages.[33] The Alaska statute and legislative history refer to "fault."[34] The Court of Appeals of Arizona considered the use of the word "fault" in that state's similarly-worded apportionment statute in *Fidelity & Deposit Co. of Maryland v. Bondwriter Southwest, Inc.* There, a bond issuer brought breach of contract and negligence claims against its agent, Bondwriter, which then filed a notice identifying two non-parties at fault and filed a third-party complaint against a general contractor and its principals.[35] After a bench trial, the Superior Court entered judgment against Bondwriter but found that it was only five percent at fault. The Superior Court allocated the damages accordingly on both the breach of contract and negligence claims. On appeal, the Court of Appeals of Arizona reversed the Superior Court as to the allocation of the contract damages, and held that the "damages resulting from Bondwriter's breach of contract may not be allocated according to our comparative fault statutes." The appellate court based its holding in part on its conclusion that "ordinary breach of contract is logically not included within the definition of 'fault' . . . because contract law 'operates without regard to fault.'"[36]

---

[33] *See Ennen v. Integon Indem. Corp.*, 268 P.3d 277, 289 (Alaska 2012) (describing AS 09.17.080 as "providing for apportionment of damages among multiple tortfeasors.").

[34] *See* AS 09.17.900 (definition of "fault"). *See also* H.B. 58, 20th Leg., 1st Reg. Sess. (Ak. 1997) (emphasis added).

[35] 263 P.3d 633, 637 (Ariz. Ct. App. 2011).

[36] *Id.* (quoting 3 E. Allan Farnsworth, *Farnsworth on Contracts* § 12.8 at 195-96 (3d ed. 2004)). While the lower court's holding was reached after trial, the Court of Appeals' ruling did not depend on the procedural posture of the lower court's decision.

This Court finds that Alaska Statute 09.17.080 similarly allows for the allocation of fault as to tort claims and not contract claims.[37] Accordingly, an existing party to this action may seek to allocate fault to a potentially responsible party only with respect to the tort claims pled against that existing party. Additionally, as to any such potentially responsible party, fault can be allocated to that entity only to the extent that that potentially responsible party would have been liable in tort to MOA.[38] It is not, however, necessary that MOA actually be able to recover damages in tort from the potentially responsible party.[39]

Here, it is undisputed that the United States cannot be joined as a party in this litigation.[40] In light of the foregoing, the Court will grant ICRC's and CH2M Hill's motions to the extent that the jury in this action may, if warranted, be asked to allocate a percentage of fault in tort to the United States as to the tort claims MOA has raised against

---

[37] The definition of fault in AS 09.17.900 applies somewhat more broadly than to purely tort claims. *See* AS 09.17.900 ("'fault' includes . . . breach of warranty, unreasonable assumption of risk not constituting an enforceable express consent, misuse of a product for which the defendant otherwise would be liable, and unreasonable failure to avoid an injury or to mitigate damages"). However, there is no indication that by providing this list the legislature intended to broaden the use of the term "fault" as it is used in AS 09.17.080 to include a claim that sounds purely in contract, such as the contract claim MOA has asserted against ICRC here and against MarAd in the Court of Federal Claims action.

[38] *Wiersum v. Harder*, 316 P.3d 557, 563 (Alaska 2013) (holding that defendants' "liability cannot decrease through apportionment [to a third party] unless [the third party] may be liable to [plaintiff] for negligence.").

[39] *See Alaska General Alarm, Inc. v. Grinnell*, 1 P.3d 98 (Alaska 2000) (holding that fault could be apportioned to third-party defendant even though statute of limitations on plaintiff's underlying tort claim had run).

[40] Docket 97 (CH2M Hill Mot.) at 7-10; Docket 101 (ICRC Mot.) at 7-9; Docket 116 (MOA Opp'n to CH2M Hill Mot.) at 3.

the defendants here.[41] A party may not seek to ask the jury to allocate fault to an agency of the United States for its alleged breach of contract or to allocate fault as to the contract claim MOA has asserted against ICRC.[42]

With respect to QAP and MKB, the parties do not dispute that a party released from liability need not be joined.[43] CH2M Hill asserts that the 2012 agreement between MarAd and ICRC released QAP and MKB from any liability to MOA with respect to the Project.[44] However, CH2M Hill has not demonstrated that the 2011 agreement between MOA and MarAd accorded to MarAd the complete authority to settle any and all of MOA's claims related to the Project.[45] As such, the current record does not demonstrate that QAP and MKB are "person[s] who ha[ve] been released from liability" within the meaning of AS 09.17.080.[46] Accordingly, the Court will grant CH2M Hill's alternative motion permitting it to file a third-party complaint against QAP and MKB, assuming they can

---

[41] CH2M Hill's motion seeks to allocate fault to MarAd while ICRC seeks to allocate fault to several United States entities.

[42] During oral argument, however, MOA agreed to offset any damages that may be awarded in this case by the amount of its recovery, if any, in the Court of Federal Claims case against the United States. *See* Docket 190 (Partial Transcript of Oct. 28, 2014 Oral Argument) at 4-6.

[43] Docket 97 (CH2M Hill Mot.) at 10-11; Docket 116 (MOA Opp'n to CH2M Hill Mot.) at 7-8.

[44] Docket 97 (CH2M Hill Mot.) at 6-7, 10.

[45] Docket 21-6 (2011 MOA-MarAd Memorandum of Agreement) at pp. 6-7, ¶ 7 ("MARAD Responsibilities . . . [p]ursuant to the Contract Disputes Act, 41 U.S.C. §§ 7001-7013 [sic], administer claims submitted by MarAd contractors and coordinate and cooperate with the MOA/POA in affirmative and defense of claims consistent with federal contract law."). *See also* Docket 98-2 (2012 Negotiated Contract Adjustment Agreement) at 1 (no indication that the agreement between MarAd and ICRC was authorized by or negotiated on behalf of MOA).

[46] *See* Docket 103 (ICRC Opp'n to PND Mot.) at 6 (observing that the "impact of the MARAD-ICRC settlement agreement upon [MOA's] claims, and defenses thereto, is an issue that has yet to be fully developed through motions practice.").

otherwise be joined. The third-party complaint shall be filed within 14 days of the date of this Order and shall be substantially identical to the proposed third-party complaint at Docket 97-1 except that claims against MarAd shall be removed.

PND's motion seeking a rule of law holding that ICRC is contractually responsible for any fault that would otherwise be allocated to QAP and MKB, and that those subcontractors need not be joined in this action, is denied pursuant to the above discussion and the holdings in the Court's Order regarding the economic loss doctrine at Docket 188.

## CONCLUSION

Based on the foregoing, IT IS ORDERED as follows:

1. PND's Motion for Rule of Law on Allocation of Fault at Docket 93 is DENIED;

2. CH2M Hill's Motion for Order Regarding AS 09.17.080 Fault Allocation to Maritime Administration and Construction Contractors or, Alternatively, For Leave to Amend to Add Third-Party Defendants at Docket 97 is GRANTED to the extent that, if warranted, the jury may be permitted to allocate fault as to MOA's tort claims asserted in this litigation to MarAd for its liability in tort to MOA, if any;

3. CH2M Hill may file a third-party complaint as to Colaska, Inc. d/b/a Quality Asphalt Pavement and MKB Constructors but not as to MarAd. The third-party complaint shall be substantially identical to the proposed third-party complaint at Docket 97-1 with respect to the two construction contractors and shall be filed within **14 days** of the date of this Order;[47]

---

[47] CH2M Hill may, to the extent necessary, clarify the name of Quality Asphalt Pavement/Quality Asphalt Paving, Inc./Colaska, Inc.

4. CH2M Hill's motion at Docket 97 is otherwise DENIED; and

5. ICRC's Motion for Rule of Law at Docket 101 is GRANTED to the extent that, if warranted, the jury may be asked to allocate fault as to tort claims in this litigation to the United States for its liability in tort to MOA, if any. ICRC's motion is otherwise DENIED.

DATED this 23rd day of March, 2015 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
United States District Judge

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order Re Fault Allocation Motions
Page 14 of 14