# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MUNICIPALITY OF ANCHORAGE,<br><br>    Plaintiff,<br><br>    v.<br><br>INTEGRATED CONCEPTS AND RESEARCH CORPORATION, a corporation, PND ENGINEERS, INC., a corporation; CH2M HILL ALASKA, INC., a corporation; and GEOENGINEERS, INC., a corporation,<br><br>    Defendants. | Case No. 3:13-cv-00063-SLG |
| PND ENGINEERS, INC., a corporation,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>COLASKA, INC., d/b/a Quality Asphalt Pavement or QAP, an Alaska corporation; and MKB CONSTRUCTORS, a joint venture comprised of D.M. Moor Constructors, Inc., Derian, Inc., and R. Scott Constructors, Inc.,<br><br>    Third-Party Defendants. | |

## ORDER RE QAP'S MOTION FOR SUMMARY JUDGMENT

  Before the Court at Docket 223 is Quality Asphalt Pavement's (QAP) Motion and Memorandum for Summary Judgment, filed on August 5, 2015. MKB Constructors joined the motion on August 11, 2015.[1] The Municipality of Anchorage (MOA) filed its opposition

---

[1] Docket 225 (Joinder).

to the motion on August 31, 2015, and QAP replied on September 17, 2015.[2] Oral argument on the motion was held on November 20, 2015. For the reasons discussed below, QAP's motion will be denied.

## **BACKGROUND**

This litigation relates to the design and construction of the Port of Anchorage Intermodal Expansion Project. The jurisdictional basis for the case, the factual background, and the initial procedural history are set forth in this Court's Order Re Motion to Remand and Related Motions and Order Denying Motion to Dismiss at Dockets 67 and 76, and will not be repeated here.

Relevant to this motion, and viewing the facts in the light most favorable to the non-moving party for purposes of this summary judgment motion, subcontractors QAP and MKB each filed claims against the Department of Transportation, Maritime Administration (MarAd) with prime contractor Integrated Concepts and Research Corp. (ICRC).[3] ICRC sponsored those claims to MarAd on a pass-through basis.[4] In March 2011, QAP and MKB attended a mediation with MarAd and MOA in an attempt to settle the claims.[5] That mediation was unsuccessful because MOA refused to agree to the settlement, and MarAd would not settle without MOA's concurrence.[6] In September 2011,

---

[2] Docket 226 (Opp'n); Docket 230 (Reply).

[3] Docket 224-1 (Exh. 14) at 174; Docket 224-1 (Exh. 15) at 178.

[4] Docket 224-2 (Exh. 23) at 37.

[5] Docket 227 (Vakalis Decl.) at 3.

[6] Docket 227 (Vakalis Decl.) at 3.

3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re Motion for Summary Judgment
Page 2 of 8

QAP's counsel wrote to MOA, and encouraged MOA to participate in a second mediation with QAP and MKB.[7] That letter acknowledged that "QAP/MKB's claims will not settle unless QAP is given a full release of liability," and "this release and affirmative payment will not be forthcoming without the consent of the MOA/Port."[8] The second mediation was held in November 2011. MOA again participated, but this second attempt was also unsuccessful because, according to MOA, it "refused to agree to pay the amount demanded by MKB."[9]

On December 28, 2011, ICRC filed a Complaint against MarAd before the Civilian Board of Contract Appeals (CBCA) as "Sponsor for Quality Asphalt Paving, Inc. and MKB Constructors."[10] The Complaint delineated the claims and damages QAP and MKB were seeking from MarAd on a pass-through basis.

In September 2012, MarAd and ICRC settled the CBCA litigation without MOA's knowledge or participation, but with the involvement of QAP and MKB.[11] MarAd informed MOA of the settlement on October 2, 2012; on October 19, 2012, MOA wrote to MarAd and indicated it was "surprised and disappointed" by the settlement, which it maintained was done "unilaterally and without [its] consent."[12] MarAd furnished MOA with a copy of

---

[7] Docket 227 (Vakalis Decl.) at 4.

[8] Docket 227-4 (QAP Letter) at 2.

[9] Docket 227 (Vakalis Decl.) at 3–5.

[10] Docket 224-1 (Exh. 11) at 147, 154.

[11] Docket 227 (Vakalis Decl.) at 4–5. The settlement agreement is signed by only MarAd and ICRC. Docket 224-1 (Exh. 12) at 156–161.

[12] Docket 227 (Vakalis Decl.) at 5; Docket 227-6 (Sullivan Letter).

3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re Motion for Summary Judgment
Page 3 of 8

the settlement agreement ten days later and, in the cover letter, expressly assured MOA that the "resolution and release of claims involving MarAd does not preclude the city from pursuing its own litigation."[13] On November 1, 2012, the CBCA, acting at the direction of the parties to that litigation, dismissed with prejudice the action pending before it.[14]

Returning to this action, in August 2014, CH2M Hill filed a motion seeking an order expressly permitting it to allocate fault to QAP and MKB. CH2M Hill asserted that QAP and MKB were "released parties" to which fault could be apportioned pursuant to AS 09.17.080. In the alternative, CH2M Hill sought to be permitted to file third-party claims against QAP and MKB.[15] The Court held that the record then before it did not demonstrate that MarAd had the "complete authority to settle any and all of MOA's claims," and that CH2M Hill had failed to demonstrate that QAP and MKB were "person[s] who ha[ve] been released from liability" from MOA's claims.[16] QAP and MKB were then joined as third-party defendants in this action.

QAP now has filed its own motion for summary judgment seeking a ruling that QAP, as joined by MKB, are each "released parties" within the meaning of AS 09.17.080. QAP asserts that the September 2012 settlement agreement signed by MarAd and ICRC completely released it from liability, such that all claims against it should be dismissed and no damages awarded against it, but with the remaining parties still free to seek to

---

[13] Docket 227-7 (MarAd Letter) at 2.

[14] Docket 224-1 (Exh. 12) at 162.

[15] Docket 97 (CH2M Hill Fault Allocation) at 10–12.

[16] Docket 191 (Order) at 12 (alterations in original).

3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re Motion for Summary Judgment
Page 4 of 8

allocate fault to it.[17] QAP observes that the 2003 and 2011 Memoranda of Understanding (MOUs) between MOA and MarAd, and the legislative enactments on which they were based, gave MarAd the right to administer the funds for the port project. From this, QAP asserts that MarAd could choose to settle any claims with those funds, including MOA's claims in this action, without MOA's consent.[18] Next, QAP cites to MOA's own briefing in the Court of Federal Claims litigation in which MOA asserts that MarAd had "the final obligation/power to accept the work from MarAd's prime contractor," so that MarAd "was to be the ultimate decision maker."[19] Finally, QAP maintains that MOA submitted its third-party beneficiary rights under the QAP and MKB subcontracts for resolution under the Contract Disputes Act (CDA) when it contracted with MarAd.[20] QAP asserts that under the CDA, the Contracting Officer had the authority to settle MOA's claims without MOA approval.[21] MKB joins in the motion and seeks dismissal of the Third Party Complaint against it for the same reasons.

MOA responds that there are issues of fact that prevent the Court from determining whether QAP and MKB are "released parties." First, it disputes whether the 2011 MOU was still in effect at the time of the September 2012 settlement.[22] And it asserts that the intent of the parties to the MarAd/ICRC September 2012 settlement is an unresolved

---

[17] Docket 223 (QAP Mot.) at 4.

[18] Docket 223 (QAP Mot.) at 30–31.

[19] Docket 224-2 (Exh. 30) at 65, 70.

[20] Docket 223 (QAP Mot.) at 31–38.

[21] Docket 223 (QAP Mot.) at 37–38.

[22] Docket 226 (MOA Opp'n) 22–23.

3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re Motion for Summary Judgment
Page 5 of 8

question of fact, pointing to MarAd's letter shortly thereafter, in which MarAd assured MOA that MarAd's settlement with ICRC did "not preclude [MOA] from pursuing its own litigation."[23] MOA also contends that (1) even if the 2011 MOU was still in effect in September 2012, it did not give MarAd the unilateral right to waive MOA's claims; (2) MOA's claims are outside the jurisdiction of the CDA because MOA is a third-party beneficiary and the claims sound in tort; and (3) MOA's third-party beneficiary rights could not have been settled without MOA's consent because MOA had changed position in reliance on those rights.[24]

## **DISCUSSION**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, a court must accept as true all evidence presented by the non-moving party and draw "all justifiable inferences" in the non-moving party's favor.[25] The burden of showing the absence of a genuine dispute of material fact initially lies with the moving party.[26] If the moving party meets this burden, the non-moving party must present specific evidence demonstrating the existence of a genuine issue of fact.[27] The non-

---

[23] Docket 227-7 (MarAd Letter) at 2; Docket 226 (MOA Opp'n) at 20, 31.

[24] Docket 226 (MOA Opp'n) at 23–39.

[25] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

[26] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

[27] *Anderson*, 477 U.S. at 250; *Oracle*, 627 F.3d at 387.

3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re Motion for Summary Judgment
Page 6 of 8

moving party may not rely on mere allegations or denials. To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[28] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment to the moving party is appropriate.[29]

To resolve this motion, the Court need not address all of the issues associated with CDA jurisdiction or MarAd authority, because QAP has failed to demonstrate the absence of a genuine dispute of material fact. Specifically, QAP's motion depends on a finding that the parties to the September 2012 settlement agreement—MarAd, ICRC, and to some undeveloped extent QAP and MKB—all intended to settle MOA's potential claims against QAP and MKB at that time, without MOA's knowledge or consent. But the record does not clearly support such a finding. Rather, MarAd's assurance to MOA in October 2012 that the settlement did "not preclude [MOA] from pursuing its own litigation" is at odds with QAP's assertion that MarAd intended to settle MOA's claims when it reached the agreement with ICRC.[30] And MarAd's prior refusal to settle the claims at the March 2011 mediation because MOA would not agree to the terms is also at odds with QAP's assertion that the MarAd intended the September 2012 settlement agreement to fully release QAP.[31] Indeed, QAP's own assertion to MOA in September 2011 that QAP would

---

[28] *Anderson*, 477 U.S. at 248.

[29] *Id.* at 249–50 (citing *Dombrowski v. Eastland*, 387 U.S. 82, 84–85 (1967); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

[30] Docket 227-7 (MarAd Letter) at 2.

[31] Docket 227 (Vakalis Decl.) at 3.

3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re Motion for Summary Judgment
Page 7 of 8

not receive a full release of liability "without the consent of the MOA/Port" undermines its current position. It would appear, at least from MOA's perspective, that only when MOA would not assent to a settlement of QAP and MKB's claims that it was left out of the process.

Based upon the disputed intent of the parties to the September 2012 settlement agreement and the history of the settlement negotiations between those parties and MOA that predated that agreement, the Court holds that QAP has failed to demonstrate that it is entitled to a judgment as a matter of law that it is a released party that need not be joined in this controversy. Rather, the Court finds when drawing "all justifiable inferences" from the statements in the record in favor of the non-moving party, a reasonable jury could find that MarAd did not intend to fully release QAP and MKB from MOA's claims in September 2012, irrespective of whether or not it had the authority to do so.[32] And, in so far as MKB joined in the motion, it also has failed to demonstrate the absence of a genuine issue of material fact with respect to whether it, too, had been fully released.

## **CONCLUSION**

Accordingly, IT IS ORDERED that QAP's Motion and Memorandum for Summary Judgment filed at Docket 223, as joined by MKB at Docket 225, is DENIED.

DATED this 13th day of January, 2016 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[32] See *Anderson*, 477 U.S. 255 (citing *Adickes*, 398 U.S. at 158–59).

3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re Motion for Summary Judgment
Page 8 of 8