Lisa M. Marchese
James E. Howard, *Pro Hac Vice*
Davis Wright Tremaine, LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
lisamarchese@dwt.com
jimhoward@dwt.com

*Attorneys for Defendant and*
*Third-Party Plaintiff PND Engineers, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MUNICIPALITY OF ANCHORAGE,<br><br>    Plaintiff,<br><br>v.<br><br>INTEGRATED CONCEPTS AND RESEARCH CORPORATION, a corporation; PND ENGINEERS, INC., a corporation; and CH2M HILL ALASKA, INC., a corporation; and GEOENGINEERS, INC., a corporation,<br><br>    Defendants. | Case No. 3:13-cv-00063-SLG<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE NEW CLAIMS IN EXPERT REPORT** |
| CH2M HILL ALASKA, INC., a corporation,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>TERRACON CONSULTANTS, INC., a Delaware corporation,<br><br>    Third-Party Defendant. | |

DEFENDANTS' REPLY ISO MOTION TO STRIKE    *Anchorage v. Integrated Concepts and Research*
NEW CLAIMS IN EXPERT REPORT    *Corporation; PND Engineers, Inc.; and CH2M Hill*
  *Alaska, Inc.*

Page 1 of 14    3:13-cv-00063-SLG
DWT 30240737v1 0064397-000007

Case 3:13-cv-00063-SLG   Document 423   Filed 09/01/16   Page 1 of 14

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150; (206) 757-7700, fax

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150; (206) 757-7700, fax

PND ENGINEERS, INC., a corporation,

        Third-Party Plaintiff,

v.

COLASKA, INC., d/b/a Quality Asphalt Pavement or QAP, an Alaska corporation; and MKB CONSTRUCTORS, a joint venture comprised of D.M. Moor Constructors, Inc., Derian, Inc., and R. Scott Constructors, Inc.,

        Third-Party Defendants.

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE NEW CLAIMS IN EXPERT REPORT**

Defendants, Integrated Concepts and Research Corporation ("ICRC"), PND Engineers, Inc. ("PND"), GeoEngineers, Inc. ("GeoEngineers") and CH2M Hill Alaska, Inc. ("CH2M"), hereby submit this reply in support of the Motion to Strike the Municipality of Anchorage's ("MOA") new claims.

### I. INTRODUCTION

There are many complicated aspects of this case, but this one is not: MOA has never before in any fashion made galvanization of the sheet pile at the Port a basis of any of its claims. That includes in any of its complaints; in any of its many discovery responses; in any of the many hundreds of pages of prior expert engineering analysis it commissioned over many years; or in a three day 30(b)(6) deposition seeking all factual bases of its claims. MOA makes little meaningful effort to argue otherwise. Instead it principally takes the position that pleading and discovery requirements and deadlines can largely be ignored, as it is sufficient to claim an opposing party is generally liable, with disclosure of the claimed theories and factual bases for liability to await expert reports at the close of discovery.

DEFENDANTS' REPLY ISO MOTION TO STRIKE
NEW CLAIMS IN EXPERT REPORT

Page 2 of 14
DWT 30240737v1 0064397-000007

*Anchorage v. Integrated Concepts and Research Corporation; PND Engineers, Inc.; and CH2M Hill Alaska, Inc.*
3:13-cv-00063-SLG

Case 3:13-cv-00063-SLG   Document 423   Filed 09/01/16   Page 2 of 14

While MOA might not have been required to provide extensive technical analysis at an early juncture, it was certainly required to identify the basic facts and theories its claims would be based upon in response to discovery seeking to elicit that very information. That includes an assertion that the sheet pile was not galvanized properly. This new theory that there is a galvanization problem would implicate multiple third parties who actually designed and supervised the galvanization process of the OCSP. Due to MOA's late disclosure, discovery cannot now be sought from such third parties, and they cannot be added under the case schedule. Moreover, in excess of 30 depositions have already been taken without this being an issue in the case, and no defendants have retained galvanization experts.

In this context allowing MOA to effectively amend to add a new claim at the close of discovery would create severe unfair prejudice to Defendants in an extremely expensive case already pending for many years. Adding this issue now would require re-opening multiple depositions, adding multiple parties, noting new depositions, making new discovery requests, and retaining new experts. As a practical matter, it is impossible to see how this does not also upend the rest of the case schedule in the process. MOA cannot legitimately dispute these consequences, and it is hardly a severe sanction to foreclose MOA from pursuing a theory it never once indicated it was relying one during three-and-a-half years of intense litigation. The Federal Rules did away with such litigation by ambush tactics long ago. MOA has many other adequately disclosed claims that it must be limited to pursuing.

### A.  Arguments of Compliance with Rule 26 Are Beside the Point.

MOA argues that its most recent SGH report complied with Rule 26 expert disclosure requirements, and then concludes that it is therefore not possible that it did anything wrong in failing to identify galvanization as a claimed basis for liability. This bootstrap argument misses the mark. It is irrelevant whether MOA's expert disclosure at the close of discovery complied with the technical requirements of Fed. R. Civ. P. 26 for expert reports. Rather, as MOA tacitly

DEFENDANTS' REPLY ISO MOTION TO STRIKE
NEW CLAIMS IN EXPERT REPORT

*Anchorage v. Integrated Concepts and Research Corporation; PND Engineers, Inc.; and CH2M Hill Alaska, Inc.*

Page 3 of 14
DWT 30240737v1 0064397-000007

3:13-cv-00063-SLG

acknowledges in its opposition brief, the issues are instead whether it was substantially justified in failing to ever mention galvanization as a factual basis for its claims before this report was issued, and whether that the failure was harmless. It cannot make either showing here.

### 1. MOA Cannot Show Substantial Justification.

MOA has retained large numbers of engineers and experts from multiple engineering firms over many years to analyze the Port of Anchorage Intermodal Expansion Project. This provided MOA a more than adequate opportunity to develop its theories, and to provide notice of them in discovery. These discovery responses have in turn shaped the entire course of the litigation for the parties, and have even determined what parties are included in the case. Defendants are entitled to know the basic theories upon which MOA has pursued its damage claims for good reason: this is the only way they can meet and defend such claims. That is particularly true where Defendants have repeatedly and steadfastly sought this very information, and have never before been informed that a galvanization claim would be made.

Moreover, the basic assertion that the sheet pile was galvanized improperly is easy to articulate. MOA could have certainly made this claim in its complaints, in its initial disclosures, in its discovery responses (which included a duty to supplement), or in its depositions. That experts might then explain the galvanization issue in a more detailed and technical way does not excuse disclosure of an underlying claim. Neither does MOA's misdirected observation in its Opposition that one defendant objected to unrelated questions posed to a fact witness on the basis that the question required expert testimony to respond. *See* Opp'n at 8-9.

Indeed, the few explanations that MOA offers contain little if any substance. It claims that as the project owner it lacked sufficient documentation at the outset to know what its claims might be. *See* Opp'n at 17-18. But the project owner would of course be in the best position to obtain access to project documents. It is also obvious that MOA took advantage of this fact in commissioning two engineering firms, CH2 and SGH, to study the project extensively over

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150; (206) 757-7700, fax

DEFENDANTS' REPLY ISO MOTION TO STRIKE　　　*Anchorage v. Integrated Concepts and Research*
NEW CLAIMS IN EXPERT REPORT　　　*Corporation; PND Engineers, Inc.; and CH2M Hill*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Alaska, Inc.*
Page 4 of 14　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　3:13-cv-00063-SLG
DWT 30240737v1 0064397-000007

Case 3:13-cv-00063-SLG   Document 423   Filed 09/01/16   Page 4 of 14

many years and generate detailed reports evaluating every aspect of project design and implementation.

Likely for these reasons, MOA very carefully picks its words in stating that before its recent expert report the galvanization "issue had not been *fully* analyzed," and that only the final SGH expert report allowed it to "*fully* ascertain the complexity." *See* Opp'n at 7 (emphasis added). But Defendants do not have to await *full* analysis and *full* ascertainment by MOA to know what claims MOA will assert. If that were permissible, litigants could simply ignore pleading and discovery requirements and await expert reports. All parties would then be surprised to learn what the case might be about when the reports were issued. They also might or might not have: experts to opine on the issues in the case; the correct parties named; and adequate deposition testimony and documents. This is of course not the rule.

Furthermore, MOA recently turned over data from SGH which shows that SGH was provided OCSP samples by MOA for testing as early as March 11 of this year, and that videos of such testing date back to March as well. This evidence only further highlights that MOA had many opportunities over many years to make this claim based on its work with many different engineers. It also shows that more than six months ago MOA was actively considering adding a galvanization claim, but provided no related disclosures or discovery responses. It is obvious that there can be no substantial justification on this record. Any other conclusion would render the federal discovery rules designed to foster the efficient development of issues, claims, and inclusion of parties in litigation virtually meaningless.

### 2. MOA's Failure to Disclose a Galvanization Claim Was Not Harmless.

MOA makes no convincing showing that its failure to disclose was harmless. MOA's position is that "Defendants have ample time to fully explore SGH's contentions regarding galvanization through expert depositions." While Defendants will have an opportunity to depose SGH, this simply lets Defendants understand MOA's claim. It does nothing to cure all of the

DEFENDANTS' REPLY ISO MOTION TO STRIKE
NEW CLAIMS IN EXPERT REPORT

*Anchorage v. Integrated Concepts and Research Corporation; PND Engineers, Inc.; and CH2M Hill Alaska, Inc.*

Page 5 of 14
DWT 30240737v1 0064397-000007

3:13-cv-00063-SLG

Case 3:13-cv-00063-SLG   Document 423   Filed 09/01/16   Page 5 of 14

many other issues, such as: (1) Defendants' lack of any galvanization experts; (2) Defendants' inability to explore the addition of third parties; (3) the lack of notice that deposition testimony regarding galvanization was important; and (4) Defendants' inability to seek additional discovery from MOA or third parties relative to the galvanization issue.

There is also no way to generate the missing information now, as discovery is closed. Moreover, much of the facts, data, and testimony would come from multiple third party engineering firms that were retained by ICRC to handle OCSP galvanization design and implementation. This is not a small matter, as it would in effect require a substantial case in its own right. Many months would be necessary to collect and review third party documents, depose witnesses, and consider the addition of parties to the case.

As Defendants detailed in their opening brief, there would be numerous third parties at issue. ICRC contracted with Coffman Engineers, Inc. to design the cathodic protection system and to provide assistance during construction of the project. Coffman prepared a Corrosion Control Report, and made recommendations for hot-dip galvanizing and installation of a properly designed cathodic protection system during the construction of the project. Coffman then prepared and stamped design drawings for the cathodic protection system and provided construction assistance, including confirmation that it approved changes in specifications to the thickness of the galvanizing materials. ICRC hired McClure Engineering, Inc. to provide quality assurance services in connection with the hot-dipped galvanization of the steel used at the Project. McClure performed numerous tests and evaluations of the galvanized coatings applied to the steel for the project. ICRC also contracted with DOWL, LLC/Alaska Testlabs and/or its team member QA Services, Inc., to provide quality assurance services on the Project, including construction materials testing, observation and inspection services, and documentation of construction activities. DOWL/Alaska Testlabs/QA Services performed numerous observations and inspections during construction, including observations

DEFENDANTS' REPLY ISO MOTION TO STRIKE
NEW CLAIMS IN EXPERT REPORT

*Anchorage v. Integrated Concepts and Research Corporation; PND Engineers, Inc.; and CH2M Hill Alaska, Inc.*

Page 6 of 14
DWT 30240737v1 0064397-000007

3:13-cv-00063-SLG

Case 3:13-cv-00063-SLG   Document 423   Filed 09/01/16   Page 6 of 14

of damage to the galvanized steel piles and of repairs made to the galvanized piles and splices.

MOA articulates no reasonable process to reopen discovery to allow development of the galvanization issue from witnesses that have already been deposed. It also makes no effort to address or refute that all of these third parties, and perhaps more, would be implicated by its new theory. And it ignores the time it would take for Defendants to located and obtain a galvanization expert, and to allow for testing and analysis. In the process MOA effectively concedes the point: under these facts the unfair prejudice to Defendants is obvious and overwhelming.

### 3. MOA Has Not Previously Disclosed Its New Theory.

In an effort to justify its failure to disclose, MOA argues that CH2's 2013 Suitability Study mentioned corrosion and corrosion protection were important from the standpoint of proper maintenance and inspection of the OCSP, and that higher factors of safety for OCSP interlocks were recommended. *See* Opp'n at 11. MOA's premise is that the Study put Defendants on notice that MOA might have a galvanization claim. However, the fact CH2 offered the common sense assessment that inadequate corrosion protection measures might impact the services life of the OCSP bulkhead does not give notice of galvanization issues which, according to the SGH expert disclosure, represent a problem starting at Day 1 of its service life. Additionally, this argument only undermines MOA's position. MOA commissioned the Suitability Study, has had it for three-and-a-half years, and never made improper galvanization as a claim in its complaint, discovery responses, or depositions. This underscores further both that MOA had ample opportunity to assert such a claim, and that it chose not do so. It certainly gave Defendants no reason to focus on a non-issue that was not being pursued by MOA.

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150; (206) 757-7700, fax

DEFENDANTS' REPLY ISO MOTION TO STRIKE
NEW CLAIMS IN EXPERT REPORT

*Anchorage v. Integrated Concepts and Research Corporation; PND Engineers, Inc.; and CH2M Hill Alaska, Inc.*

Page 7 of 14
DWT 30240737v1 0064397-000007

3:13-cv-00063-SLG

Case 3:13-cv-00063-SLG   Document 423   Filed 09/01/16   Page 7 of 14

MOA then points out that galvanization was mentioned in passing in at least two out of roughly thirty pre-disclosure depositions. *See* Opp'n at 12-14. But given the fact that MOA never made a galvanization claim, it is not surprising that out of thousands of pages of deposition testimony Plaintiffs can highlight only a few paragraphs where galvanization was mentioned prior to MOA's recent expert report. As part of this showing, MOA even seeks to rely on testimony from third party Brad West, who is one of the few witnesses that were deposed *after* MOA's expert report was disclosed, and the only one that had some knowledge of galvanization. This obviously does nothing to demonstrate that Defendants were previously on notice of MOA's galvanization claim. Indeed, this record highlights rather than excuses the problem. There are more than enough actual issues, and Defendants properly focused their deposition questioning on MOA's disclosed claims.

The Municipality also contends that the Defendants had notice that "interlock integrity" was at issue in the case because that term was referenced in the amended complaint. *See* Docket 145 at ¶ 188. However, the interlock integrity issue mentioned there had nothing to do with galvanization, but instead related to interlocks becoming "unzipped" in areas where hard driving conditions were encountered. This becomes clear in reading the paragraphs surrounding the isolated references to interlock integrity found in the amended complaint.

### 4. A Rebuttal Report Would Not Cure Prejudice.

MOA next argues that defendants could simply have one of their experts say something about galvanization in rebuttal, and therefore there is no real unfair prejudice. *See* Opp'n at 15-16. This disregards entirely the fact that, as MOA well knows, *Defendants have no galvanization experts, as they were never put on notice that they might need one.* It is hard to think of a more obvious showing of unfair prejudice. And even if one or more experts could be retained for rebuttal, this is also not remotely comparable to an opportunity to access and conduct testing of the OCSP, such as MOA provided to SGH back in March of this year. It also ignores

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150; (206) 757-7700, fax

DEFENDANTS' REPLY ISO MOTION TO STRIKE
NEW CLAIMS IN EXPERT REPORT

*Anchorage v. Integrated Concepts and Research Corporation; PND Engineers, Inc.; and CH2M Hill Alaska, Inc.*

Page 8 of 14
DWT 30240737v1 0064397-000007

3:13-cv-00063-SLG

entirely the fact that Defendants were unable to develop facts, testimony, and data regarding any supposed galvanization issue in discovery, which could then be supplied to some future expert to analyze. As discussed above, this would include extensive discovery and testimony from the third parties that were retained by ICRC to handle galvanization issues. In short, it is obvious that the tremendous unfair prejudice to Defendants cannot be cured by a simple rebuttal report.

### 5. The Trial Schedule Would Be Disrupted.

MOA declares in one short paragraph that there should be no disruption of the trial schedule. *See* Opp'n at 16. As MOA should recognize, this is not a candid assessment. If its galvanization claim were added, the only way to cure the unfair prejudice would be to: (1) reopen fact discovery on galvanization issues; (2) require MOA to amend its complaint and all of its discovery responses; (3) allow defendants to propound follow up discovery; (4) reopen depositions for testimony on the topic; (5) allow third party subpoenas to non-party engineering firms involved with galvanization; (6) allow Defendants the opportunity to amend to add such third parties; (7) allow Defendants to obtain galvanization experts; (8) provide Defendants' experts access to the OCSP for galvanization related testing; (9) allow late expert reports on this issue; (10) allow late expert depositions on this issue. This would be certain to upend the already tight case schedule in this complex, multi-party case, with tremendous disruption, expense, burden—creating yet more unfair prejudice to Defendants in the process.[1]

In this regard, it should be noted that it took the Municipality roughly four months between the time it began testing of selected samples of sheet pile and wye connectors, and the time it had produced a written report. It is reasonable to infer that it would take Defendants a similar amount of time just to secure opinions from their own expert(s), plus the additional

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150; (206) 757-7700, fax

---

[1] MOA's argument that defendants have not moved to extend the discovery deadlines as a justification for there being no prejudice is at best a throw-away assertion. As is obvious, Defendants have instead moved to strike this new claim.

DEFENDANTS' REPLY ISO MOTION TO STRIKE *Anchorage v. Integrated Concepts and Research*
NEW CLAIMS IN EXPERT REPORT *Corporation; PND Engineers, Inc.; and CH2M Hill*
*Alaska, Inc.*

Page 9 of 14 3:13-cv-00063-SLG
DWT 30240737v1 0064397-000007

months of delay that would result from re-opening discovery and another round of third party practice.

## II. CONCLUSION

MOA has many disclosed claims that have been pursued over many years in this litigation. MOA should not be allowed to add undisclosed claims at the conclusion of discovery which would disrupt the entire case and unfairly prejudice Defendants. For the foregoing reasons, Defendants' Motion to Strike the new galvanization claims disclosed in Plaintiff's expert report should be granted, and MOA should be precluded from pursuing such new theories at trial.

Dated this 1st day of September, 2016.

> DAVIS WRIGHT TREMAINE LLP
> Attorneys for Defendant and Third-Party Defendant PND Engineers, Inc.
>
> By:*/s/ James E. Howard*
>   Lisa M. Marchese, ABA 1102004
>   James E. Howard, *Pro Hac Vice*
>   1201 Third Ave., Ste. 2200
>   Seattle, WA 98101
>   Telephone: (206) 622-3150
>
> BIRCH HORTON BITTNER & CHEROT
> Attorneys for Defendant ICRC
>
> By:*/s/ Max D. Garner*
>   Max D. Garner, ABA 9011096
>   1127 West Seventh Avenue
>   Anchorage, AK 99501
>   Telephone: (907) 276-1550

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150; (206) 757-7700, fax

DEFENDANTS' REPLY ISO MOTION TO STRIKE NEW CLAIMS IN EXPERT REPORT

*Anchorage v. Integrated Concepts and Research Corporation; PND Engineers, Inc.; and CH2M Hill Alaska, Inc.*

Page 10 of 14
DWT 30240737v1 0064397-000007

3:13-cv-00063-SLG

Case 3:13-cv-00063-SLG   Document 423   Filed 09/01/16   Page 10 of 14

SKELLENGER BENDER, P.S.
Attorneys for Defendant GeoEngineers, Inc.

By:*/s/ Patricia A. Robért*
    Terence J. Scanlan, ABA #1103012
    Patricia A. Robért, *pro hac vice*
    1301 - 5th Avenue, Ste. 3401
    Seattle, WA 98101-2605
    Telephone: (206) 623-6501

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150; (206) 757-7700, fax

DEFENDANTS' REPLY ISO MOTION TO STRIKE NEW CLAIMS IN EXPERT REPORT

*Anchorage v. Integrated Concepts and Research Corporation; PND Engineers, Inc.; and CH2M Hill Alaska, Inc.*

Page 11 of 14

3:13-cv-00063-SLG

DWT 30240737v1 0064397-000007

Case 3:13-cv-00063-SLG   Document 423   Filed 09/01/16   Page 11 of 14

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

| | |
|---|---|
| Robert P. Owens<br>Municipality of Anchorage<br>Office of Municipal Attorney<br>PO Box 196650<br>Anchorage, AK 99519-6650<br>*Attorneys for Plaintiff* | ☐ Via Messenger<br>☒ Via ECF Notification<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |
| Donald G. Featherstun<br>Seyfarth Shaw LLP<br>560 Mission St., Ste. 3100<br>San Francisco, CA 94105<br>*Attorneys for Plaintiff* | ☐ Via Messenger<br>☒ Via ECF Notification<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |
| Bennett D. Greenberg<br>Jason N. Smith<br>Seyfarth Shaw LLP<br>975 F St., NW<br>Washington, DC 20004<br>*Attorneys for Plaintiff* | ☐ Via Messenger<br>☒ Via ECF Notification<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |
| William F. Cronin<br>Todd T. Williams<br>Corr Cronin Michelson Baumgardner &<br>Preece LLP<br>1001 Fourth Ave., Ste. 3900<br>Seattle, WA 98154<br>*Attorneys for Defendant CH2M Hill Alaska, Inc.* | ☐ Via Messenger<br>☒ Via ECF Notification<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |
| Adam W. Cook<br>David K. Gross<br>Max D. Garner<br>Birch Horton Bittner & Cherot<br>1127 West 7th Ave.<br>Anchorage, AK 99501<br>*Attorneys for Defendant Integrated Concepts and Research Corp.* | ☐ Via Messenger<br>☒ Via ECF Notification<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150; (206) 757-7700, fax

DEFENDANTS' REPLY ISO MOTION TO STRIKE NEW CLAIMS IN EXPERT REPORT

*Anchorage v. Integrated Concepts and Research Corporation; PND Engineers, Inc.; and CH2M Hill Alaska, Inc.*

Page 12 of 14
DWT 30240737v1 0064397-000007

3:13-cv-00063-SLG

Case 3:13-cv-00063-SLG   Document 423   Filed 09/01/16   Page 12 of 14

| | |
|---|---|
| Kurt J. Hamrock<br>Raymond B. Biagini<br>McKenna Long & Aldridge, LLP<br>1990 K St. NW, Ste. 800<br>Washington, DC 20006<br>*Attorneys for Defendant Integrated Concepts and Research Corp.* | ☐ Via Messenger<br>☒ Via ECF Notification<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |
| Bruce E. Davison<br>Davison & Davison, Inc.<br>810 N St., Ste. 301<br>Anchorage, AK 99501<br>*Attorneys for Defendant PND Engineers, Inc.* | ☐ Via Messenger<br>☒ Via ECF Notification<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |
| Terence J. Scanlan<br>Lindsey M. Pflugrath<br>SKELLENGER BENDER, P.S.<br>1301 – 5th Avenue, Suite 3401<br>Seattle, WA 98101-2605<br>*Attorneys for Defendant GeoEngineers, Inc.* | ☐ Via Messenger<br>☒ Via ECF Notification<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |
| Brewster H. Jamieson<br>Lane Powell LLC<br>301 W. Northern Lights Blvd., Suite 301<br>Anchorage, AK 99503-2648<br>*Attorneys for Third-Party Defendant Terracon Consulting, Inc.* | ☐ Via Messenger<br>☒ Via ECF Notification<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |
| Jason L. Buchanan<br>Linda C. McFee<br>Thomas R. Buchanan<br>McDowell, Rice, Smith & Buchanan<br>605 W 47th Street, Suite 350<br>Kansas City, MO 64112<br>*Attorneys for Third-Party Defendant Terracon Consulting, Inc.* | ☐ Via Messenger<br>☒ Via ECF Notification<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |
| Michael C. Geraghty<br>Sam E. Baker, Jr.<br>Oles Morrison Rinker & Baker LLP<br>601 West Fifth Avenue, Suite 900<br>Anchorage, AK 99501-2154<br>*Attorneys for Third Party Defendant Colaska, Inc. d/b/a Quality Asphalt Paving (QAP)* | ☐ Via Messenger<br>☒ Via ECF Notification<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150; (206) 757-7700, fax

DEFENDANTS' REPLY ISO MOTION TO STRIKE NEW CLAIMS IN EXPERT REPORT

*Anchorage v. Integrated Concepts and Research Corporation; PND Engineers, Inc.; and CH2M Hill Alaska, Inc.*

Page 13 of 14
DWT 30240737v1 0064397-000007

3:13-cv-00063-SLG

Case 3:13-cv-00063-SLG   Document 423   Filed 09/01/16   Page 13 of 14

Jason M. Kettrick  
S. Jay Terry  
Natalya P. Maze  
Elliott C. Copenhaver  
Carney Badley Spellman, P.S.  
701 5th Ave., Ste. 3600  
Seattle, WA 98104  
*Attorneys for Third-Party Defendants MKB Constructors*

☐ Via Messenger  
☒ Via ECF Notification  
☐ Via U.S. Mail  
☐ Via Electronic Mail

Dated this 1st day of September, 2016.

*/s/ James E. Howard*  
James E. Howard

Davis Wright Tremaine LLP  
LAW OFFICES  
1201 Third Avenue, Suite 2200  
Seattle, Washington 98101  
(206) 622-3150; (206) 757-7700, fax

DEFENDANTS' REPLY ISO MOTION TO STRIKE NEW CLAIMS IN EXPERT REPORT

*Anchorage v. Integrated Concepts and Research Corporation; PND Engineers, Inc.; and CH2M Hill Alaska, Inc.*

Page 14 of 14  
DWT 30240737v1 0064397-000007

3:13-cv-00063-SLG

Case 3:13-cv-00063-SLG   Document 423   Filed 09/01/16   Page 14 of 14