# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MUNICIPALITY OF ANCHORAGE,<br><br>        Plaintiff,<br><br>        v.<br><br>INTEGRATED CONCEPTS AND RESEARCH CORPORATION, a corporation; PHD ENGINEERS, INC., a corporation; CH2M HILL ALASKA, INC., a corporation; and GEOENGINEERS, INC., a corporation,<br><br>        Defendants. | Case No. 3:13-cv-00063-SLG |
| AND RELATED THIRD PARTY CLAIMS | |

## ORDER RE DEFENDANTS' MOTION TO STRIKE NEW CLAIMS IN EXPERT REPORT

Before the Court are Defendants' Motion to Strike New Claims in Expert Report at Docket 403 and Third-Party Defendant Terracon's Joinder in that motion at Docket 404. The motion is fully briefed.[1] Oral argument was not requested and was not necessary to the Court's decision.

In its expert report disclosed on July 21, 2016, the Municipality of Anchorage ("MOA") asserted that the sheet piles should have been galvanized using a hot-dipped

---

[1] *See* Docket 404 (Terracon's Joinder in Docket 403); Docket 414 (Opp'n); Docket 423 (Reply of PND, ICRC, and GeoEngineers); Docket 424 (Reply of CH2M); Docket 426 (Reply of Terracon).

coating, but instead a metalized spray coating was used.[2] Defendants argue that this disclosure constitutes a new legal theory that comes too late that substantially prejudices them. They seek an order precluding Plaintiff from present evidence on or otherwise pursuing any new galvanization-related claims pursuant to Federal Rule of Civil Procedure 37. Plaintiff, on the other hand, contends that it did provide sufficient notice of its galvanization theory earlier in the proceedings, and that in any event any delay was harmless or substantially justified.

Federal Rule of Civil Procedure 26(e) imposes an affirmative obligation on a litigant to supplement or correct its responses to interrogatories "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[3] The civil discovery rules are designed to make litigation "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."[4] The Court must first decide whether Plaintiff breached its duty to supplement, and, if it has, what the appropriate remedy should be.

Here, a claim that the sheet piles were not properly galvanized would have been responsive to several interrogatories that had been posed to MOA. MOA argues that it

---

[2] *See* Docket 394-1 at 28 ("Our evaluation confirmed that . . . a spray applied metalized coating was used instead. . . . We . . . determined that the coating reduced the ultimate interlock capacity significantly compared to the capacity without the coating.").

[3] Fed. R. Civ. P. 26(e)(1)(A).

[4] *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)).

Case No. 3:13-cv-00063-SLG, *Municipality of Anchorage v. ICRC et al.*
Order re Motion to Strike
Page 2 of 10

did not disclose a galvanization theory in these responses because it "was simply not in a position to identify the galvanization issue at that time."[5] The rules do not require MOA to have disclosed an issue that it was unaware of, but they do require supplementation when the information becomes known.

In July 2014, MOA served its answers to CH2M Hill Alaska, Inc.'s First Interrogatories.[6] Among the requests CH2M made was for MOA to "[d]escribe with particularity every way in which MOA contends that VECO's work on the Project fell below the applicable standard of care."[7] In its response, MOA did not identify galvanization or spray-on coating as an issue.

In August 2014, MOA served its answers to PND's First Interrogatories.[8] Among the requests PND made was for MOA to describe and identify MOA's "reasoning, including but not limited to all facts in support," behind its contention that PND's services were defective.[9] In its response, MOA did not identify galvanization or spray-on coating as an issue. Instead, the response referenced the findings in both the CH2M Hill Suitability Study and the August 2013 SGH report.[10]

---

[5] Docket 414 at 7-9.

[6] *See* Docket 403-3.

[7] Docket 403-3 at 2 (Interrogatory No. 3).

[8] *See* Docket 403-4.

[9] *E.g.*, Docket 403-4 at 2 (Interrogatory No. 1).

[10] Docket 403-4.

Case No. 3:13-cv-00063-SLG, *Municipality of Anchorage v. ICRC et al.*
Order re Motion to Strike
Page 3 of 10

In December 2015, MOA served its responses to Terracon's First Set of Interrogatories.[11] Terracon asked MOA to "identify all alleged breaches of the standard of care and all facts supporting each breach."[12] MOA again made no reference to galvanization or spray-on coating. Perhaps foreshadowing this issue, however, MOA's response noted that it "anticipates that the response to this Interrogatory will be supplemented and/or amended as the result of expert analyses and opinions which are not yet subject to disclosure."[13]

MOA does not assert that it supplemented its interrogatory responses, but it does maintain that the galvanization claim was otherwise made known to Defendants. MOA contends that it disclosed the expert report by the deadline set by the Court, and that the notice in the report "complies with Federal Rule 26."[14] The Court acknowledges that MOA complied with the expert report disclosure deadline. But the federal rules also require timely supplementation of interrogatory responses. The disclosure of the galvanization theory on July 21, 2016 was not timely—it came three years into this case, just six weeks before the close of fact discovery and apparently at least several months after MOA began pursuing this new theory.[15]

---

[11] *See* Docket 403-5.

[12] Docket 403-5 at 2.

[13] Docket 403-5 at 6.

[14] Docket 414 at 9.

[15] In addition to the February and March 2016 dates associated with MOA's experts' tests, *see, e.g.*, Docket 427-2 (Ex. B to Buchanan Decl.), the Court notes the April 2016 deposition questions by MOA's counsel, *see* Docket 414 at 13-14 (an excerpt of the deposition attached to the filing does not match the excerpt in the filing itself). There, MOA asked several questions regarding

Case No. 3:13-cv-00063-SLG, *Municipality of Anchorage v. ICRC et al.*
Order re Motion to Strike
Page 4 of 10

MOA asserts that it was not obligated to inform the other parties of its galvanization theory prior to the expert disclosure deadline because the issue had not been fully analyzed by its experts. But MOA should have disclosed the theory to Defendants even if had not yet been fully analyzed by its experts.[16] Earlier disclosure would have permitted Defendants to obtain their own experts on galvanization and conduct their own testing of the materials before expert reports were due. The Court finds that MOA failed to timely supplement its discovery responses or otherwise inform Defendants of its new galvanization theory when MOA learned that in some material respect that its prior responses were incomplete or incorrect, as required by Rule 26(e).

MOA maintains that even if the Court finds the disclosure was untimely, no sanctions should be imposed because its belated disclosure was "substantially justified" or "harmless."[17] The parties agree that the four factors set out in *Lanard Toys Ltd. V. Novelty, Inc.*[18] should guide the Court in determining whether a violation of a discovery

---

the decision to use hot-dip galvanization rather than spray-on coating, indicating that MOA appeared to be aware of this new theory by April 2016 at the latest.

[16] MOA also argues that its delay in presenting this theory was consistent with the approach of Terracon's counsel, who evidently instructed Terracon's 30(b)(6) witness not to testify about subjects that required the deponent's expertise. This conduct by Terracon's counsel was improper. *See generally* Civil Rule 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."). As such, Terracon's conduct does not justify MOA's failure to promptly disclose its new claim.

[17] Docket 414 at 9.

[18] 375 Fed. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Case No. 3:13-cv-00063-SLG, *Municipality of Anchorage v. ICRC et al.*
Order re Motion to Strike
Page 5 of 10

deadline is justified or harmless.[19]  These four factors are "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."[20]  MOA advances two additional factors derived from the Fourth Circuit: (5) the importance of the evidence; and (6) the nondisclosing party's explanation for its failure to disclose the evidence. "[21]

Some of MOA's arguments are in tension with one another.  For example, it argues that Defendants cannot claim surprise because MOA adequately flagged the issue in its interrogatory responses, but it also argues that it was substantially justified in withholding the information because it did not know earlier that galvanization was an issue.  It argues that Defendants will not be prejudiced because they were notified of the theory with six weeks of fact discovery remaining, but also asserts that the issue is so technically complex that it required MOA several years and expert witnesses to discover it.

Turning to the *Lanard Toys* factors, MOA argues that Defendants were not surprised because its interrogatory answers discussed interlocking mechanisms and incorporated by reference various external documents, most notably the 2013 CH2M Hill Suitability Study.[22]  MOA argues that the study provided adequate notice that galvanization would be at issue.  But that study does not suggest that galvanization was

---

[19] *See* Docket 414 at 10-17; Docket 403 at 17.

[20] 375 Fed. App'x at 713 (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

[21] *See* Docket 414, at 10 (citing *S. States Rack and Furniture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003)).

[22] *See* Docket 403-1.

Case No. 3:13-cv-00063-SLG, *Municipality of Anchorage v. ICRC et al.*
Order re Motion to Strike
Page 6 of 10

at issue;[23] nor, as explained above, do the interrogatory responses themselves. MOA points to a brief line of deposition questioning by Terracon's counsel in November 2015, but those questions—limited as they are—appear to be focused on budgetary and design problems associated with galvanization, not design deviation or interlock strength.[24] And MOA points to its own questioning in an April 2016 deposition. But those limited questions were not enough to alert Defendants that Plaintiff would be asserting that there was a variance from the design specification by the use of a spray-on coating instead of hot dip galvanization.[25]

MOA also suggests that its Complaint provided Defendants with notice that the interlocking mechanisms would be at issue, and that this was sufficient notice that galvanization might be at issue. MOA's Amended Complaint alleges that "the interlock integrity of the sheet piles in numerous instances were severely compromised" and that ICRC and PND had failed to "develop[] during the Project the necessary inspection protocol to verify interlock integrity."[26] It also alleges that some of the sections "have dramatic defects including . . . unzipped interlocks."[27] But each of these allegations is

---

[23] MOA argues that "cathodic protection" and "interlock integrity" were sufficiently linked in the Suitability Study to suggest that galvanization was at issue. Docket 414 at 11-12. But in the Study, these concepts were discussed in the context of asserted defects in the design. The new theory advanced in the SGH July 2016 expert report is that the specified design was not followed at all. *See* Docket 394-1, at 28 ("Our evaluation confirmed that although PND's design specified the sheet piling to be hot dip galvanized, this was not done and a spray applied metalized coating was used instead.").

[24] *See* Docket 414-2 at 5.

[25] *See* Docket 414 at 13-14.

[26] Docket 145 ¶ 188.

[27] Docket 145 ¶ 207.

Case No. 3:13-cv-00063-SLG, *Municipality of Anchorage v. ICRC et al.*
Order re Motion to Strike
Page 7 of 10

clarified and limited by MOA's responses to various Defendants' interrogatories, which focus on design work and over-driving the piles, not on galvanization. To the extent that these allegations in the Amended Complaint might suggest that a failure to use hot-dip galvanization was being alleged, MOA did not advance such a theory when directly asked in interrogatories what theories it was advancing. In sum, the Court finds that the prejudice and surprise to Defendants is considerable.

MOA asserts that Defendants can cure any prejudice through rebuttal expert reports. But, as MOA points out, galvanization "is a highly technical issue requiring expert testimony,"[28] and not all experts are experts in either galvanization or its effects on interlock integrity. Because Defendants were not timely apprised that galvanization would be at issue, they evidently did not retain experts to opine on it. And it is likely that further fact discovery would be needed, as the subject was not meaningfully explored during the extensive fact depositions that have now concluded. For additional fact discovery to occur, for Defendants to find and retain new experts, for those experts to conduct the appropriate tests, and for those experts to write up their reports could take months, but rebuttal reports are now due on September 16, 2016. Defendants do not have a meaningful ability to cure the prejudice.

The Court also finds there to be a high likelihood of disruption of the trial if the claim were to be permitted, as any cure would likely require an extension of discovery deadlines to allow Defendants to adequately address this issue. Moreover, Defendants have plausibly contended that the new claims could well require the joinder of new parties

---

[28] Docket 414 at 8.

Case No. 3:13-cv-00063-SLG, *Municipality of Anchorage v. ICRC et al.*
Order re Motion to Strike
Page 8 of 10

that were directly involved with the galvanization,[29] which would make a disruption of the entire remaining pretrial schedule and trial date a near certainty.

The fourth *Lanard* factor asks whether bad faith or willfulness was involved in not timely disclosing the evidence. On this point, the Court does not find that MOA acted in bad faith.[30]

On the two additional factors, MOA contends that this evidence is important because it further supports its claims. But given the wide range of issues that have been litigated in this case over several years, MOA has not demonstrated that this new theory is essential to MOA's case. Finally, the Court finds that MOA's explanation for its delay is unpersuasive. MOA asserts that its own lack of expertise in technical matters caused the delay. But while a plaintiff need not have all of its evidence marshalled before filing its complaint, MOA should have disclosed its galvanization theory considerably sooner than it did.

On consideration of all of the above factors, and in particular the fact that the remaining pretrial deadlines and the trial date would very likely be disrupted, the Court finds that the late disclosure of the galvanization theory is not substantially justified or harmless.

---

[29] *See, e.g.*, Docket 426 at 3-4; Docket 424 at 4. Third-Party Defendant Terracon also suggests that if the new theory is permitted it will necessarily involve Coffman Enterprises, Inc., setting up a conflict of interest that might require Terracon's Alaska counsel to withdraw. *See* Docket 404 at 3-4.

[30] *See Yeti by Molly, Inc. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Case No. 3:13-cv-00063-SLG, *Municipality of Anchorage v. ICRC et al.*
Order re Motion to Strike
Page 9 of 10

As to the appropriate remedy, Civil Rule 37(c)(1) provides that a party that fails to timely supplement its discovery responses as required by Rule 26(e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." For the reasons discussed above, MOA's failure to timely supplement was not substantially justified or harmless. Accordingly, the Court will strike the newly disclosed theory from the expert's report. In addition, the Court will preclude all parties from presenting any evidence relating to a claim that Defendants deviated from PND's design by failing to use hot-dip galvanization where specified.

Accordingly, IT IS ORDERED that Defendants' Motion to Strike at Docket 403 and Terracon's Joinder at Docket 404 are GRANTED.

DATED this 12th day of September, 2016.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:13-cv-00063-SLG, *Municipality of Anchorage v. ICRC et al.*
Order re Motion to Strike
Page 10 of 10