# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MUNICIPALITY OF ANCHORAGE,<br><br>          Plaintiff,<br>  v.<br><br>INTEGRATED CONCEPTS AND<br>RESEARCH CORPORATION, a corporation;<br>PND ENGINEERS, INC., a corporation;<br>CH2M HILL ALASKA, INC., a corporation;<br>and GEOENGINEERS, INC. a corporation,<br><br>          Defendants.<br>_____<br><br>CH2M HILL ALASKA, INC. a corporation,<br><br>          Third-Party Plaintiff,<br>  v.<br><br>TERRACON CONSULTANTS, INC., a<br>Delaware corporation,<br><br>          Third Party Defendant. | Case No. 3:13-cv-00063-SLG |

## **ORDER RE PND's AND GEOENGINEERS' MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are Defendants PND Engineers, Inc.'s and GeoEngineers, Inc.'s motions for summary judgment.[1] The motions have been fully briefed;[2] oral argument was held on June 29, 2016.[3]

---

[1] *See* Docket 311 (PND's Mot. for Summ. J.); Docket 313 (GeoEngineers' Mot. for Summ. J.).

[2] *See* Docket 336 (MOA's Opp'n to PND's Mot.); Docket 338 (MOA's Opp'n to GeoEngineers' Mot.); Docket 361 (PND's Reply); Docket 363 (GeoEngineers' Reply).

[3] *See* Docket 407 (Tr. of Oral Arg.).

This order should be read in conjunction with the Court's order at Docket 478, in which the Court addressed Defendant CH2M Hill Alaska's motion for summary judgment.[4] The rulings of the prior order shall apply to these parties. This order focuses on the distinct arguments and factual issues raised by PND and GeoEngineers in their motions.

## BACKGROUND

The facts of this case are known to the parties and set out in the Court's order at Docket 188.

Both PND and GeoEngineers argue that the economic loss doctrine precludes MOA's tort claims and that no exception to that doctrine applies. They argue that MOA's claims for negligence are untenable because Alaska law requires more than foreseeability to recognize a duty in negligence and the other relevant factors weigh against the recognition of such a duty. They also argue that MOA's professional negligence claims should be precluded under Alaska law. Last, they maintain that MOA's claims for negligent misrepresentation are legally untenable and factually unsupported.

In response, MOA argues that Alaska law supports the finding of a duty in negligence. And it maintains that Alaska law permits an action for professional negligence against these Defendants. Finally, MOA maintains that its negligent misrepresentation claims are permitted under Alaska law and that it has demonstrated that there are triable issues of fact as to those claims.

---

[4] The Court's prior order held that neither the Backlands nor the waters of the Cook Inlet constitute "other property" and that the Port Expansion Project does not currently present a significant risk of personal injury or property damage. *See* Docket 478 at 7-13.

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re PND's and GeoEngineers' Motions for Summary Judgment
Page 2 of 12

**DISCUSSION**

This Court has subject matter jurisdiction for the reasons set out in the Court's prior order. The standard for summary judgment is also set out in that order.[5]

**1. Negligence**

As the Court's prior order explained, pursuant to *Geotek Alaska, Inc. v. Jacobs Eng'g Grp., Inc.*,[6] it will apply the multi-factor approach the Alaska Supreme Court set forth in *D.S.W. v. Fairbanks N. Star Borough Sch. Dist.* to determine whether an actionable duty in negligence exists as to a particular defendant. The Court's analysis of the *D.S.W.* factors in the prior order with respect to CH2M Hill Alaska is substantially the same for the two Defendants addressed here, with slight factual differences for the factors of certainty of injury and closeness of connection.[7]

Both PND's and GeoEngineers' motions raise new factual arguments that undermine the certainty of MOA's injury. PND cites to the Port Director's testimony "that the Backlands is permitted as a loading area for things like construction equipment and windmills."[8] PND also observes that cargo trucks are permitted to drive across the

---

[5] *See* Docket 478 at 5–6.

[6] Docket 478 at 14–15 (citing 354 P.3d 368, 376 (Alaska 2015)). The *D.S.W.* factors include: (1) the foreseeability of harm to the plaintiff; (2) the degree of certainty that the plaintiff suffered injury; (3) the closeness of the connection between the defendant's conduct and plaintiff's injury; (4) the moral blame attached to the defendant's conduct; (5) the policy of preventing future harm; (6) the extent of the burden to the defendant and consequences to the community of imposing a duty; and (7) the availability, cost, and prevalence of insurance for the risk involved. *See D.S.W.*, 628 P.2d 554, 555 (Alaska 1981).

[7] *See* Docket 478 at 15–19.

[8] Docket 311 at 10 (citing Docket 312-25 (Greydanus Dep.) at 3).

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re PND's and GeoEngineers' Motions for Summary Judgment
Page 3 of 12

Backlands and the Port is leasing portions of the Backlands for cement storage.[9] GeoEngineers echoes PND's argument and maintains that rebuilding the Port Expansion is unnecessary as the expansion area in its current state generates $10 million in annual revenue for MOA.[10] These arguments, along with the reasons identified in the prior order,[11] demonstrate the uncertainty of MOA's injury. Accordingly, this *D.S.W.* factor strongly weighs against finding a negligence duty as to these two Defendants.

The "closeness of connection" factor also differs for these Defendants, as they each played distinct roles in the Port Expansion Project. MOA argues that the harm caused by PND and GeoEngineers is closely related to MOA's injury because they were collectively responsible for the March 2008 Report, in which they concluded that the OCSP structure, if constructed as designed, would be stable in both static and seismic conditions.[12] But both the design and the construction of the Port Expansion were the collaborative product of several entities. PND was a third-tier subcontractor, whose work was allegedly verified both internally by members of the design team, and externally by independent reviewers.[13] GeoEngineers was a fourth-tier subcontractor, whose work was also internally and externally reviewed.[14] The Court finds that the collaborative

---

[9] Docket 311 at 10 (citing Docket 312–26 (Alaska Basic Industries Agreement)).

[10] Docket 313 at 31–32.

[11] Docket 478 at 16.

[12] Docket 336 at 48–49.

[13] *See* Docket 311 at 4–6, 25–26 (describing the layers of contracts); *see also id.* at 30 (describing the review process).

[14] Docket 313 at 32.

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re PND's and GeoEngineers' Motions for Summary Judgment
Page 4 of 12

nature of the project, combined with the extensive system of internal and external review, diffuses the closeness of the connection between MOA's asserted injury and each Defendant's conduct. Accordingly, the Court finds that this factor does not support the imposition of a negligence duty as to these two Defendants.

Although the Court has considered the different factual circumstances related to these Defendants, the Court finds that the *D.S.W.* factors weigh against the recognition of a duty in negligence as to either of them. Accordingly, the Court concludes that the economic loss doctrine precludes MOA's negligence claims against both PND and GeoEngineers.

### 2. Professional Negligence

PND and GeoEngineers each argue that MOA cannot maintain an action for professional negligence. But as the Court previously held in its prior order, Alaska law permits a project owner to sue a design professional in tort for economic losses arising from the professional's malpractice.[15] Here, both PND and GeoEngineers were professional design and engineering companies that were hired for their expertise. As such, each company owed a duty to MOA, the project owner, to "use such skill, prudence, and diligence as other members of the profession commonly possess and exercise."[16]

A claim for professional negligence requires more than a cognizable duty. A plaintiff must also establish each of the following elements: (1) "a breach of th[e] duty [of

---

[15] Docket 478 at 21–22 (citing *State, Dep't of Nat. Res. v. Transamerica Premier Ins. Co.*, 856 P.2d 766, 772 (Alaska 1993) ("[A] project owner may sue a design professional in tort for economic losses arising from the professional's malpractice, despite the existence of a contractual relationship between the parties.")).

[16] Docket 478 at 23 (quoting *Breck v. Moore*, 910 P.2d 599, 604 (Alaska 1996)).

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re PND's and GeoEngineers' Motions for Summary Judgment
Page 5 of 12

professional care];" (2) "a proximate causal connection between the negligent conduct and the resulting injury"; and (3) "actual loss or damage resulting from the professional's negligence."[17]

None of the parties address these other elements. Defendants instead primarily argue that a professional negligence claim is not maintainable because the parties "engaged in a bargained-for allocation of risk in its chain of contracts."[18] PND asserts that through its contract it understood that "ICRC would be able to sue PND in contract for no more than $1 million."[19] But the Court has concluded that Alaska law imposes an independent duty in tort on design professionals, regardless of the contractual allocation of liability among the various parties. PND and GeoEngineers may have each bargained for specific limitations on liability to those to whom they are in privity of contract, but in the Court's view, those contractual limitations do not preclude MOA's claims of professional negligence against either Defendant under Alaska law. Accordingly, the Court will deny PND's and GeoEngineers' motions for summary judgment on MOA's claims for professional negligence.

### 3. Negligent Misrepresentation

#### a. *The Legal Viability of MOA's Claims for Negligent Misrepresentation*

PND and GeoEngineers both cite to *Alaska Pac. Assur. Co. v. Collins* and maintain that MOA's negligent misrepresentation claims are impermissibly based on Defendants'

---

[17] Docket 478 at 23 (citing *Breck*, 910 P.2d at 604 (quoting *Linck v. Barokas & Martin*, 667 P.2d 171, 174 n.4 (Alaska 1983))).

[18] Docket 313 at 25; *see also* Docket 311 at 13–17; Docket 313 at 25–29.

[19] Docket 311 at 16.

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re PND's and GeoEngineers' Motions for Summary Judgment
Page 6 of 12

contractual duties.[20] *Alaska Pacific* involved allegations that an insurer had negligently breached its contractual duties to its insured. Specifically, the insured alleged that the insurer was liable for the "negligent investigation and denial of his claim and request for a litigation defense."[21] The Alaska Supreme Court recognized that an insurer "may be held liable for torts independent from its contractual duties, such as fraud," but held that "an action for negligence in breaching a specific contractual duty sounds in contract."[22] The case focused on a negligence claim between contracting parties, not a negligent misrepresentation claim between non-contracting parties. As such, the Court does not find its analysis to be applicable to MOA's negligent misrepresentation claims.

PND also cites *State for the Use of Smith v. Tyonek Timber, Inc.*, in which the Alaska Supreme Court affirmed its "commitment 'to draw the line between injuries which properly find their remedy in tort and those which are more appropriately governed by contract principles.'"[23] The Court is unpersuaded that *Tyonek* governs this case for two reasons. First, that case addressed a claim for negligence, not negligent misrepresentation. Second, the law in Alaska appears to have evolved since *Tyonek*'s determination in 1984, perhaps most notably with the Alaska Supreme Court's decision in *Geotek*.[24]

---

[20] Docket 311 at 27 and Docket 313 at 36–37 n.140 (citing 794 P.2d 936 (Alaska 1990)).

[21] 794 P.2d at 939.

[22] *Id.* at 946.

[23] *See* Docket 311 at 27 (citing 680 P.2d 1148, 1152 (Alaska 1984) (quoting *Northern Power & Eng'g Corp. v. Caterpillar Tractor Co.,* 623 P.2d 324, 328 (Alaska 1981))).

[24] 354 P.3d 368 (Alaska 2015).

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re PND's and GeoEngineers' Motions for Summary Judgment
Page 7 of 12

For the foregoing reasons and consistent with the Court's ruling in its prior order, MOA may maintain an action for negligent misrepresentation against PND and GeoEngineers.

    b. *Merits of MOA's Claims for Negligent Misrepresentation*

PND and GeoEngineers each maintain that even if the Court finds MOA's negligent misrepresentation claims to be legally viable, summary judgment is nonetheless warranted because based on the current facts in the record, each Defendant is entitled to summary judgment as a matter of law.

The tort of negligent misrepresentation is comprised of the following four elements:

> First, the tortfeasor must have made a statement in the course of business, employment, or some other enterprise in which he had a pecuniary interest. Second, the statement must have been false when the tortfeasor made it. Third, the victim must have justifiably relied upon the statement to his detriment. Fourth, the tortfeasor must have failed to exercise reasonable care when making the statement.[25]

MOA's First Amended Complaint alleges that Defendants "represented to Plaintiff on multiple occasions, most notably in [their] 2008 Geotechnical Report. . . that the OCSP system was suitable for use at the Project site."[26] To defeat this claim on summary judgment, Defendants must demonstrate the absence of any genuine issue of material fact.[27] In an attempt to meet its burden, PND asserts that apart from labeling PND as the

---

[25] *S. Alaska Carpenters Health & Sec. Trust Fund v. Jones*, 177 P.3d 844, 857 (Alaska 2008) (citing *Bubbel v. Wien Air Alaska, Inc.*, 682 P.2d 374, 380 (Alaska 1984); s*ee also Willard v. Khotol Servs. Corp.,* 171 P.3d 108, 118–19 (Alaska 2007) (providing another articulation of the elements of negligent misrepresentation).

[26] Docket 145 (FAC) at ¶ 237; *see also id.* at ¶ 275.

[27] *See* Fed. R. Civ. P. 56.

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re PND's and GeoEngineers' Motions for Summary Judgment
Page 8 of 12

Engineer of Record, MOA's 30(b)(6) designee George Vakalis "was unable to identify any concrete facts other than calculations potentially being incorrect . . . to satisfy the elements of negligent misrepresentation."[28] Both Defendants also specifically argue that no false statements were made because the "OCSP design for the Project provides a stable site."[29] They each maintain that the OCSP has a factor of safety greater than 1 for all non-seismic conditions and it has been proven constructible.[30]

But PND and GeoEngineers do not address their representation, contained in the March 2008 Report, that the OCSP system, if built as designed, would withstand seismic conditions—a representation that the CH2M Hill, Inc. Suitability Study calls into question.[31] Also, the March 2008 Report advised that "tall sheet piles [should] be driven from a dike on the land side of the wall," which MOA now alleges "caused significant sheet pile damage as unbalanced soil pressure was exerted on the OCSP wall preventing the

---

[28] Docket 311 at 29.

[29] Docket 311 at 30; Docket 313 at 38. GeoEngineers also argues that "engineering calculations and professional opinions . . . do not rise to the level of the types of false statements" that sustain claims for negligent misrepresentation. Docket 313 at 38. But none of the cases GeoEngineers cites compels that conclusion. Moreover, the Alaska Supreme Court has implicitly found that a professional opinion can be the basis of a misrepresentation claim so long as the defendant intended for the plaintiff to rely on the opinion. *See Selden v. Burnett*, 754 P.2d 256, 259 (Alaska 1988) ("[I]f an accountant were to give investment *advice* to the representative of a group of investors, explicitly intending the information to be for the benefit and guidance of each member of the group, the account would owe a duty of care to each member.") (emphasis added).

[30] Docket 311 at 30; Docket 313 at 38–39.

[31] *See* Docket 306-13 (Suitability Study) at 28 ("[D]amage [caused during installation] affects the stability of some sections of the OCSP system, and it results in zones of weakness that could lead to extensive damage during a large seismic event."). The Court's finding that the Port Expansion in its current state does not present a significant risk to persons or property is distinct from the veracity of the representation that the Port Expansion will be stable during seismic events.

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re PND's and GeoEngineers' Motions for Summary Judgment
Page 9 of 12

contractor from driving the sheet piles straight."[32] Finally, MOA argues that the March 2008 Report also "prescrib[ed] and permitt[ed] the use of riprap dikes and large fill materials in the same areas where future driving would occur."[33] The conclusions reached in CH2M Hill, Inc.'s Suitability Study demonstrate that there are genuine disputes of fact as to the accuracy of the representations made by PND and GeoEngineers in the March 2008 Report.

GeoEngineers also asserts that "there is no evidence whatsoever of any 'failure to exercise reasonable care or competence in obtaining or communicating the information.'"[34] But after GeoEngineers filed its summary judgment motion, the Court granted MOA's motion to supplement the record with its expert report.[35] The report alleges several ways in which GeoEngineers was negligent in reaching the conclusions that were subsequently included in the March 2008 Report.[36]

MOA has also presented sufficient evidence of reliance to survive summary judgment. MOA maintains that the conclusions of the 2008 Report "provided MOA and

---

[32] Docket 338 at 55; s*ee* Docket 306-13 (Suitability Study) at 29.

[33] Docket 338 at 55–56 (citing CH2M Hill, Inc. Suitability Study).

[34] Docket 313 at 39.

[35] Docket 466 (Order Re Mot. for Leave to Supplement the Summ. J. Record).

[36] *See, e.g.*, Docket 394-1 (MOA Expert Report) at 136 ("PND and GeoEngineers failed to use hydrodynamic loads in their design of the OCSP structure."); *id.* at 144 ("PND and GeoEngineers failed to specify and design to an adequate factor of safety for the steel sheet piling interlock capacity for the coated and uncorroded sheet piling."); *id.* at 148 ("[I]t was a deviation from industry standard practice for PND and GeoEngineers to totally disregard the sensitivity of the soils at the PIEP and fail to consider the possibility of a strength reduction in the soil.").

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re PND's and GeoEngineers' Motions for Summary Judgment
Page 10 of 12

MarAd the 'green light' for the Project to move forward with the construction phase."[37] And the record contains sufficient evidence that these conclusions may have been actually relayed to and relied on by the Port.[38]

Neither PND's nor GeoEngineers' motion for summary judgment addresses the 2002 Solicitation or the alleged verification of Terracon's findings by these Defendants. MOA's opposition alleges that these Defendants supplied false information in both instances. To the extent that these alleged misrepresentations have been adequately pled in this action, they are not properly before the Court in these summary judgment motions.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that PND's Motion for Summary Judgment at Docket 311 and GeoEngineers' Motion for Summary Judgment at Docket 313 are GRANTED in part and DENIED in part as follows:

(1) PND's and GeoEngineers' motions for summary judgment on MOA's negligence claims are granted;

(2) PND's and GeoEngineers' motions for summary judgment on MOA's claims for professional negligence are denied;

(3) PND's and GeoEngineers' motions for summary judgment on MOA's claims for negligent misrepresentation are denied; and

(4) PND's and GeoEngineers' motions for summary judgment on MOA's claims

---

[37] Docket 336 at 46.

[38] *See* 281-5 (Cowles Dep.) at 8; *see also* Docket 328-4 (Vakalis Dep.) at 4.

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re PND's and GeoEngineers' Motions for Summary Judgment
Page 11 of 12

that are based on damage to "other property" or the creation of a substantial risk of personal injury or property damage are granted.[39]

DATED this 5th day of December, 2016 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[39] *See* Docket 478 at 7–14.

Case No. 3:13-cv-00063-SLG, *Anchorage v. Integrated Concepts and Research Corp., et al.*
Order re PND's and GeoEngineers' Motions for Summary Judgment
Page 12 of 12